UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CRAIG J. ALEXANDER,<br><br>                Petitioner,<br><br>      vs.<br><br>SUPERINTENDENT, *et al.*<br><br>                Respondents. | No. 9:07-cv-00680-JKS<br><br>MEMORANDUM DECISION |

      Petitioner Craig J. Alexander, a state prisoner appearing *pro se*, has filed a petition for habeas corpus relief under 28 U.S.C. § 2254. Alexander is currently in the custody of the New York Department of Correctional Services incarcerated at the Great Meadow Correctional Facility. Respondent Superintendent has answered; Alexander has not filed a traverse.

I.  BACKGROUND/PRIOR PROCEEDINGS

      In April 2004 Alexander was convicted in the Broome County Court upon a guilty plea of Manslaughter in the First Degree (N.Y. Pen. Law § 125.20(1)). Alexander was sentenced to a determinate term of 11 years plus 5 years supervised release. Alexander timely appealed his conviction to the Appellate Division, Third Department, which confirmed his conviction and sentence in a reasoned decision, and the New York Court of Appeals denied leave to appeal on November 29, 2005.[1]

      On April 20, 2006, Alexander filed a motion in the Broome County Court under New York Criminal Procedure Law 440.20 to set aside his sentence, which the Broome County Court denied in a reasoned decision, and the Appellate Division, Third Department, denied leave to appeal on August 8, 2006.

      Alexander filed his undated petition for relief in this Court on June 28, 2007 (postmarked June 26, 2007).

---

[1] *People v. Alexander*, 801 N.Y.S.2d 431 (N.Y. App. Div), *lv. denied*, 842 N.E.2d 482 (N.Y. 2005).

## II.  GROUNDS RAISED/DEFENSES

In his petition Alexander raises a single ground:  the failure of the trial court to advise him of the fact that a five-year period of supervised release would be imposed rendered his plea involuntary and not freely given.

Respondent asserts that the petition is barred by the one-year limitation period of 28 U.S.C. § 2244(d)(1).  Respondent does not assert any other affirmative defense.[2]

## III.  STANDARD OF REVIEW

Because Alexander filed his petition after April 24, 1996, it is governed by the standard of review set forth in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254(d).  Consequently, this Court cannot grant relief unless the decision of the Appellate Division was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" at the time the state court renders its decision or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[3]  The Supreme Court has explained that "clearly established Federal law" in § 2254(d)(1) "refers to the holdings, as opposed to the dicta, of [the Supreme Court] as of the time of the relevant state-court decision."[4]  Thus, where holdings of the Supreme Court regarding the issue presented on habeas review are lacking, "it cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established Federal law.'"[5]  When a claim falls under the "unreasonable application" prong, a state court's application of the Supreme Court precedent must be "objectively unreasonable," "not just incorrect or erroneous."[6]  The Supreme Court has made clear that the objectively unreasonable standard is a substantially higher threshold than simply believing the state court determination

---

[2] *See* Rules—Section 2254 Cases, Rule 5(b).

[3] 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 405–406 (2000); *see Lockyer v. Andrade,* 538 U.S. 63, 70-73 (2003) (explaining this standard).

[4] *Williams*, 529 U.S. at 412.

[5] *Carey v. Musladin*, 549 U.S. 70, 77 (2006) (alterations by the Court); *see Wright v. Van Patten*, 128 S. Ct. 743, 746-47 (2008) (per curiam).

[6] *Wiggins v. Smith*, 539 U.S. 510, 520–21 (2003).

was incorrect.[7]  In a federal habeas proceeding, the standard under which this Court must assess the prejudicial impact of constitutional error in a state court criminal trial is whether the error had a substantial and injurious effect or influence in determining the jury's verdict.[8]

In applying this standard, this Court reviews the last reasoned decision by the state court.[9] Under AEDPA, the state court's findings of fact are presumed to be correct unless the petitioner rebuts this presumption by clear and convincing evidence.[10]

## IV.  DISCUSSION

Respondent has pled as a defense the AEDPA one-year limitation period.  A petition for relief under § 2254 must be filed within one year of the date the conviction became final.[11]  The New York Court of Appeals denied leave to appeal on Alexander's direct appeal on November 29, 2005.  Alexander's conviction became final 90 days later, February 27, 2006, when his time to petition the United States Supreme Court for *certiorari* expired.[12]  Thus, except to the extent that the time was tolled, Alexander had one year, until February 27, 2007, to file his petition for relief under § 2254.

The one-year limitation period is tolled during the time that a properly filed application for State post-conviction or other collateral review with respect to the judgment is pending.[13]  In this case, Alexander filed a motion for relief under New York Criminal Procedure Law § 440.20 on April 20, 2006, which was pending until leave to appeal was denied by the Appellate Division on August 8, 2006.[14]  On the date that he filed his § 440.20 motion, 51 days of the one-year

---

[7] *Schriro v. Landrigan*, 550 U.S. 465, ___, 127 S. Ct. 1933, 1939 (2007).

[8] *Fry v. Pliler*, 551 U.S. 112, ___, 127 S. Ct. 2321, 2328 (2007) (adopting the standard set forth in *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993)).

[9] *Ylst v. Nunnemaker*, 501 U.S. 797, 504 (1991).

[10] 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

[11] 28 U.S.C. § 2244(d)(1)(A).

[12] *See Fernandez v. Artuz*, 402 F.3d 111, 112 (2d Cir. 2005).

[13] 28 U.S.C. § 2244(d)(2).

[14] The date of the order, not the date when notice of it is received, determines when a state proceeding is no longer pending under § 2244(d)(2).  *Geraci v. Senkowski*, 211 F.3d 6, 9 (2d Cir. 2000).

period had lapsed; thus, on the date that the Appellate Division denied leave to appeal denial of his § 440.20 motion, Alexander had 314 days, until June 18, 2007, to file his petition for habeas relief in this Court.  Alexander filed his undated petition in this Court on June 28, 2007, postmarked June 26, 2007.

Under the "mailbox rule" a petition filed by a *pro se* state prisoner is deemed filed on the date that it is given to the prison authorities for mailing.[15]  Ordinarily, it is presumed in the absence of evidence to the contrary that the date the petition was signed is the date it was given to the appropriate prison authorities for mailing.[16]  In this case, the petition and accompanying application to proceed *in forma pauperis* are undated.  Thus, the date of the postmark, June 26, 2007, is the date the petition is presumed filed—eight days late unless the time is tolled further.

The one-year limitation period is also subject to equitable tolling.  To warrant equitable tolling, a petitioner "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."[17]  Equitable tolling is applied only under rare and exceptional circumstances,[18] and the party seeking equitable tolling must have acted with reasonable diligence throughout the entire period sought to be tolled.[19]  In his petition Alexander, in an apparent attempt to justify his untimely filing, after noting the date he filed his application for leave to appeal denial of his § 440.20 motion, states in response to paragraph 18 "Timeliness of Petition," that "entry of judgment of the Appellate division [*sic*] has not been served on petitioner."  Alexander presents no other facts concerning

---

[15] *Noble v. Kelly*, 246 F.3d 93, 97–98 (2d Cir. 2001); *see Houston v. Lack*, 486 U.S. 266, 270 (1988) (applying mailbox rule to notices of appeal under Fed. R. App. P. 3(a) and 4(a)(1)).

[16] *See, e.g., Johnson v. Coombe*, 156 F. Supp. 2d 273, 277 (S.D.N.Y. 2001); *Torres v. Irvin*, 33 F. Supp. 2d 257, 270 (S.D.N.Y. 1998); *see also Marsh v. Soares*, 223 F.3d 1217, 1218 n.1 (10th Cir. 2000) ("Liberal application of the mailbox rule . . . causes us to treat the petition as placed in the hands of prison authorities on the same day it was signed.").

[17] *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Diaz v. Kelly*, 515 F.3d 149, 153 (2d Cir. 2008).

[18] *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (per curiam).

[19] *Id*.

denial of leave to appeal. Even if the Court were to treat this statement as an attempt to invoke equitable tolling, it would fail.

The Court initially notes that Alexander's statement is contradicted by the fact that appended to the petition is a copy of the August 8, 2006, Order denying his application for leave to appeal. This is indicative that Alexander in fact received the Order. Second, Alexander has failed to bear the burden of establishing either of the two prongs required to justify application of equitable tolling—that he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way.

V.  CONCLUSION AND ORDER

The petition was not filed timely. Accordingly,

**IT IS THEREFORE ORDERED THAT** the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **DISMISSED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability.[20] Any further request for a Certificate of Appealability must be addressed to the Court of Appeals. *See* Fed. R. App. P. 22(b); Second Circuit R. 22.

The Clerk of the Court to enter final judgment accordingly.

Dated:  March 19, 2009.

/s/ James K. Singleton, Jr.<br>JAMES K. SINGLETON, JR.<br>United States District Judge

---

[20] 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) ("reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further") (internal quotation marks omitted).